IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VANGUARD PACKAGING, INC.                                                                PLAINTIFF

v.                                        Case No.  5:13-CV-05080

ANDREW BOJIE                                                                             DEFENDANT

## AGREED PROTECTIVE ORDER

Before the Court is Defendant Andrew Bojie's motion to enter agreed protective order (Doc. 33), which is hereby **GRANTED**.   Based on the agreement of the parties[1] and pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. As used in the Protective Order, these terms have the following meanings:

    (a) "Attorneys" means counsel of record;

    (b) "Highly Confidential/Attorneys' Eyes Only" documents are the subset of confidential documents designated pursuant to Paragraph 5;

    (c) "Documents" are all materials within the scope of FED. R. CIV. 34;

    (d) "Written Assurance" means an executed document in the form attached as Exhibit A.

2. By identifying a document as "Confidential," a party may designate any document,

---

[1] The Court notes, and advises the parties, that a slight modification was made by the Court to paragraph 11 in regard to the parties filing sealed documents with the Court.  A modification was also made to paragraph 18, to reflect that the attorneys' signatures are not included in this Order but, rather, the attorneys' agreement to this order is reflected by their signatures in Document 33.  If any party has an objection to these modifications the party should file an appropriate motion to modify the protective order as contemplated in paragraph 14.

including interrogatory response, other discovery response, and/or transcript, that it, in good faith, contends constitutes or contains trade secret or other confidential information.

   3. All confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraph 4.  Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of additional intellectual property rights.

   4. Access to any confidential document shall be limited to:

    (a) The Court and its personnel;

    (b) Attorneys of record and their office associates, legal assistants, and stenographic and clerical employees;

    (c) Persons shown on the face of the document to have authored or received it;

    (d) Court reporters retained to transcribe testimony;

    (e) The parties;

    (f) Outside independent persons (*i.e.,* persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are used by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action.

   5. The parties shall have the right to further designate confidential documents or portions of documents as "Highly Confidential/ Attorneys' Eyes Only."  Disclosure of such information shall be limited to the persons designated in Paragraphs 4(a), (b), (c), (d), and (f).

6.      Third parties producing documents in the course of this action may also Designate documents as "Confidential" or "Highly Confidential/Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action.  A copy of the Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties, even if not designated by such third parties as "Confidential" or "Highly Confidential/Attorneys' Eyes Only," shall be treated by the parties to this action as "Highly Confidential/Attorneys' Eyes Only" for a period of 15 days from the date of their production.  During that 15 day period, any party may designate such documents as "Confidential" or "Highly Confidential/Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

7.      Each person who is to receive confidential information, pursuant to Paragraph 4(f), shall execute a "Written Assurance" in the form attached as Exhibit A.  Opposing counsel shall be notified at least 11 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed.  Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made.  If a party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

8.      All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" or "Highly Confidential/Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Highly Confidential/Attorneys' Eyes Only" documents.  Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days

of receipt of the final transcript. Unless otherwise agreed depositions shall be treated as "Highly Confidential/Attorneys' Eyes Only" until 10 days after receipt of the final transcript. The deposition of any witness (or any portion of such deposition) that includes confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9. Any party who inadvertently fails to identify documents as "Confidential" or "Highly Confidential/Attorneys' Eyes Only" shall have 10 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituting copies of the inadvertently produced documents bearing appropriate confidentiality designations. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

10. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek reproduction of any such documents pursuant to applicable law.

11. If a party intends to file a document containing confidential information with the Court, the party should file a motion for leave to file the document under seal, in compliance with local rules and practice, and cite to this protective order. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Highly Confidential/Attorneys' Eyes Only," the parties may seek further protections against public disclosure from the Court.

12. Any party may request a change in the designation of any information designated "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" shall have the burden of proving that the information in question is within the scope of protection afforded by FED. R. CIV. P. 26(c).

13. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification in writing to the disclosing party as to such return or destruction within the 60 day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action, including one copy of documents designated as "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only."

14. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility

of evidence.

16. The obligations imposed by the Protective Order shall survive the termination of this action.

17. Not later than 60 days after the termination of this action, including any appeals, the parties shall file a motion seeking leave to remove any physical materials designated "Confidential" or "Highly Confidential/Attorneys' Eyes Only" from the office of the Clerk of Court.

18. The terms of this Protective Order are effective retroactive to July 29, 2013 pursuant to the agreement of the parties as evidenced by signature of their attorneys on the proposed agreed protective order previously submitted to the Court (Doc. 33, pp. 9-10).

IT IS SO ORDERED this 1st day of August, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE